| Fill in this information to identify your case: | |
|---|---|
| United States Bankruptcy Court for the: NORTHERN DISTRICT OF ILLINOIS | |
| Case number *(if known)* _____ Chapter **11** | ☐ Check if this an amended filing |

Official Form 201
## Voluntary Petition for Non-Individuals Filing for Bankruptcy    04/20

If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write the debtor's name and the case number (if known). For more information, a separate document, *Instructions for Bankruptcy Forms for Non-Individuals,* is available.

**1. Debtor's name**  
**Mercy Health System of Chicago**

**2. All other names debtor used in the last 8 years**  
Include any assumed names, trade names and *doing business as* names

**3. Debtor's federal Employer Identification Number** (EIN)  
**36-3163327**

**4. Debtor's address**

| Principal place of business | Mailing address, if different from principal place of business |
|---|---|
| **2525 South Michigan Avenue**  **Chicago, IL 60616** Number, Street, City, State & ZIP Code | P.O. Box, Number, Street, City, State & ZIP Code |
| **Cook** County | **Location of principal assets, if different from principal place of business** Number, Street, City, State & ZIP Code |

**5. Debtor's website** (URL)   **www.mercy-chicago.org**

**6. Type of debtor**  
☑ Corporation (including Limited Liability Company (LLC) and Limited Liability Partnership (LLP))  
☐ Partnership (excluding LLP)  
☐ Other. Specify: _____

Debtor **Mercy Health System of Chicago** _____ Case number (*if known*)_____
       Name

**7. Describe debtor's business**

A. *Check one:*

- [x] Health Care Business (as defined in 11 U.S.C. § 101(27A))
- [ ] Single Asset Real Estate (as defined in 11 U.S.C. § 101(51B))
- [ ] Railroad (as defined in 11 U.S.C. § 101(44))
- [ ] Stockbroker (as defined in 11 U.S.C. § 101(53A))
- [ ] Commodity Broker (as defined in 11 U.S.C. § 101(6))
- [ ] Clearing Bank (as defined in 11 U.S.C. § 781(3))
- [ ] None of the above

B. *Check all that apply*

- [x] Tax-exempt entity (as described in 26 U.S.C. §501)
- [ ] Investment company, including hedge fund or pooled investment vehicle (as defined in 15 U.S.C. §80a-3)
- [ ] Investment advisor (as defined in 15 U.S.C. §80b-2(a)(11))

C. NAICS (North American Industry Classification System) 4-digit code that best describes debtor.
See http://www.uscourts.gov/four-digit-national-association-naics-codes.
**6211**

**8. Under which chapter of the Bankruptcy Code is the debtor filing?**

A debtor who is a "small business debtor" must check the first sub-box. A debtor as defined in § 1182(1) who elects to proceed under subchapter V of chapter 11 (whether or not the debtor is a "small business debtor") must check the second sub-box.

*Check one:*

- [ ] Chapter 7
- [ ] Chapter 9
- [x] Chapter 11. *Check **all** that apply*:
  - [ ] The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D), and its aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $2,725,625. If this sub-box is selected, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return or if any of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).
  - [ ] The debtor is a debtor as defined in 11 U.S.C. § 1182(1), its aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $7,500,000, **and it chooses to proceed under Subchapter V of Chapter 11.** If this sub-box is selected, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return, or if any of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).
  - [ ] A plan is being filed with this petition.
  - [ ] Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b).
  - [ ] The debtor is required to file periodic reports (for example, 10K and 10Q) with the Securities and Exchange Commission according to § 13 or 15(d) of the Securities Exchange Act of 1934. File the *Attachment to Voluntary Petition for Non-Individuals Filing for Bankruptcy under Chapter 11* (Official Form 201A) with this form.
  - [ ] The debtor is a shell company as defined in the Securities Exchange Act of 1934 Rule 12b-2.
- [ ] Chapter 12

**9. Were prior bankruptcy cases filed by or against the debtor within the last 8 years?**

If more than 2 cases, attach a separate list.

- [x] No.
- [ ] Yes.

| | District | When | Case number |
|---|---|---|---|
| | District _____ | When _____ | Case number _____ |
| | District _____ | When _____ | Case number _____ |

**10. Are any bankruptcy cases pending or being filed by a business partner or an affiliate of the debtor?**

List all cases. If more than 1, attach a separate list

- [ ] No
- [x] Yes.

| Debtor | **Mercy Hospital and Medical Center** | Relationship | _____ |
|---|---|---|---|
| District | **Northern District of Illinois** | When **2/10/21** | Case number, if known _____ |

Debtor  **Mercy Health System of Chicago**　　　　　　　　　　　　　　Case number (*if known*)
　　　　Name

| 11. | Why is the case filed in *this district?* | Check all that apply: |
|---|---|---|
| | | ☑ Debtor has had its domicile, principal place of business, or principal assets in this district for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other district. |
| | | ☐ A bankruptcy case concerning debtor's affiliate, general partner, or partnership is pending in this district. |

| 12. | Does the debtor own or have possession of any real property or personal property that needs immediate attention? | ☑ No |
|---|---|---|
| | | ☐ Yes.　Answer below for each property that needs immediate attention. Attach additional sheets if needed. |

**Why does the property need immediate attention?** (*Check all that apply.*)

☐ It poses or is alleged to pose a threat of imminent and identifiable hazard to public health or safety.
　What is the hazard? _____

☐ It needs to be physically secured or protected from the weather.

☐ It includes perishable goods or assets that could quickly deteriorate or lose value without attention (for example, livestock, seasonal goods, meat, dairy, produce, or securities-related assets or other options).

☐ Other _____

**Where is the property?** _____
　Number, Street, City, State & ZIP Code

**Is the property insured?**
☐ No
☐ Yes.　Insurance agency _____
　　　　　Contact name _____
　　　　　Phone _____

### Statistical and administrative information

| 13. | Debtor's estimation of available funds | . | Check one: |
|---|---|---|---|
| | | | ☑ Funds will be available for distribution to unsecured creditors. |
| | | | ☐ After any administrative expenses are paid, no funds will be available to unsecured creditors. |

| 14. | Estimated number of creditors | ☑ 1-49<br>☐ 50-99<br>☐ 100-199<br>☐ 200-999 | ☐ 1,000-5,000<br>☐ 5001-10,000<br>☐ 10,001-25,000 | ☐ 25,001-50,000<br>☐ 50,001-100,000<br>☐ More than 100,000 |
|---|---|---|---|---|
| 15. | Estimated Assets | ☑ $0 - $50,000<br>☐ $50,001 - $100,000<br>☐ $100,001 - $500,000<br>☐ $500,001 - $1 million | ☐ $1,000,001 - $10 million<br>☐ $10,000,001 - $50 million<br>☐ $50,000,001 - $100 million<br>☐ $100,000,001 - $500 million | ☐ $500,000,001 - $1 billion<br>☐ $1,000,000,001 - $10 billion<br>☐ $10,000,000,001 - $50 billion<br>☐ More than $50 billion |
| 16. | Estimated liabilities | ☑ $0 - $50,000<br>☐ $50,001 - $100,000<br>☐ $100,001 - $500,000<br>☐ $500,001 - $1 million | ☐ $1,000,001 - $10 million<br>☐ $10,000,001 - $50 million<br>☐ $50,000,001 - $100 million<br>☐ $100,000,001 - $500 million | ☐ $500,000,001 - $1 billion<br>☐ $1,000,000,001 - $10 billion<br>☐ $10,000,000,001 - $50 billion<br>☐ More than $50 billion |

| Debtor | **Mercy Health System of Chicago** | Case number (*if known*) |
|---|---|---|
| | Name | |

### Request for Relief, Declaration, and Signatures

**WARNING --** Bankruptcy fraud is a serious crime. Making a false statement in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

**17. Declaration and signature of authorized representative of debtor**

The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.

I have been authorized to file this petition on behalf of the debtor.

I have examined the information in this petition and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on  02/10/2021
              MM / DD / YYYY

X **/s/ Carol L. Garikes Schneider**          **Carol L. Garikes Schneider**
Signature of authorized representative of debtor          Printed name

Title  **President and Chief Executive Officer**

**18. Signature of attorney**

X **/s/ Edward Green and /s/ Matthew J. Stockl**          Date  02/10/2021
Signature of attorney for debtor                          MM / DD / YYYY

**Edward Green (6225069) / Matthew J. Stockl (6304087)**
Printed name

**Foley & Lardner LLP**
Firm name

**321 N. Clark Street
Suite 3000
Chicago, IL 60654**
Number, Street, City, State & ZIP Code

Contact phone  **312-832-4500**          Email address  **egreen@foley.com
                                                         mstockl@foley.com**

**6225069 IL / 6304087 IL**
Bar number and State

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| MERCY HEALTH SYSTEM OF CHICAGO, | ) | Case No. _____ |
| | ) | |
| Debtor-in-Possession. | ) | Honorable _____ |
| | ) | |

**Rider 1**
**Pending Bankruptcy Cases Filed by the Debtor and Affiliates of the Debtor**

On the date hereof, each of the entities listed below (collectively, the "Debtors") filed a petition in the United States Bankruptcy Court for the Northern District of Illinois for relief under chapter 11 of the title 11 of the United States Code. The Debtors have moved for joint administration of these cases under the case number assigned to the chapter 11 case of Mercy Hospital and Medical Center.

1. Mercy Hospital and Medical Center

2. Mercy Health System of Chicago

# TRINITY HEALTH CORPORATION

## BOARD OF DIRECTORS

**TRINITY HEALTH CORPORATION, LIVONIA, MI** – Mercy Health System of Chicago and Mercy Hospital and Medical Center

**WHEREAS:** Trinity Health Corporation, an Indiana nonprofit corporation ("Trinity Health") is the sole member of Mercy Health System of Chicago, an Illinois not for profit corporation ("Mercy Health System"), which is a Health Ministry of Trinity Health;

**WHEREAS:** Mercy Health System is the sole member of Mercy Hospital and Medical Center, an Illinois not for profit corporation ("Mercy");

**WHEREAS:** The Boards of Directors of Mercy Health System and Mercy and this Board of Directors previously approved a clinical transformation plan for Mercy that included the discontinuation of inpatient acute care services at Mercy and the wind-down of Mercy as a licensed full-service acute care hospital due to declining utilization rates resulting in excess inpatient bed capacity, increasing competition from local health systems, movement of care to outpatient settings and the shifting healthcare needs of the communities served by Mercy, resulting in significant and unsustainable financial losses;

**WHEREAS:** This clinical transformation plan also included the approval of this Board of Directors to create a new Mission Health Ministry of Trinity Health ("Mercy Care Center") to provide advanced diagnostic care, urgent care and care coordination services as recommended by the Boards of Directors of Mercy Health System and Mercy;

**WHEREAS:** Mercy has attempted to effectuate its contemplated clinical transformation plan but has been unable to do so as originally envisioned and management does not anticipate being able to do so in the future;

**WHEREAS:** The quality of care at Mercy is an increasing concern as physicians and other colleagues have left Mercy and operating losses have accelerated to $7 million per month; and

**WHEREAS:** Management of Trinity Health has determined, and is recommending to this Board of Directors, that it is in the best interest of Trinity Health, Mercy Health System, Mercy, its employees, patients, creditors and the public to have Mercy and Mercy Health System to file voluntary petitions for relief (the "Chapter 11 Cases") under Chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code").

**RESOLVED:** That in the judgment of this Board of Directors, it is desirable and in the best interests of Trinity Health, Mercy Health System and Mercy, and their respective creditors, employees, patients and other interested parties that a petition be filed by either or both of Mercy Health System and Mercy, as management deems necessary, seeking relief under Chapter 11 of the Bankruptcy Code;

**FURTHER, RESOLVED:** That each of the Chief Executive Officer, Chief Operating Officer, Chief Financial Officer and General Counsel of Trinity Health and those officers of Mercy Health System and Mercy as shall be authorized by the Chief Executive Officer of Trinity Health (each an "Authorized Officer", and, collectively, the "Authorized Officers") is hereby authorized, empowered and directed, in the name and on behalf of Mercy Health System and Mercy, to execute and verify petitions under Chapter 11 of the Bankruptcy Code and to cause the same to be filed in the United States Bankruptcy Court for the Northern District of Illinois (the "Bankruptcy Court") at such time as said Authorized Officers executing the same shall determine it to be in the best interests of Mercy Health System and Mercy;

**FURTHER, RESOLVED:** That the Authorized Officers be, and hereby are authorized, empowered and directed to execute and file all necessary documents, including, without limitation, to execute and file all petitions, schedules, motions, lists, applications, pleadings and other papers and, in that connection, to employ and retain all assistance by legal counsel, accountants, financial advisors, and other professionals and advisors that the Authorized Officers deem necessary, proper or desirable, and to take and perform any and all further acts and deeds deemed necessary, proper or desirable in connection with the successful prosecution of the Chapter 11 Cases;

**FURTHER RESOLVED:** That if the Chapter 11 cases are commenced, the Authorized Officers be, and hereby are, authorized and empowered on behalf of, and in the name of, Mercy Health System and/or Mercy to take such actions as they deem necessary, appropriate, advisable or desirable to pursue and maximize the benefits of the restructuring in Chapter 11, including without limitation: (i) making arrangements for post-petition financing and/or use of cash collateral by Mercy Health System and/or Mercy; (ii) pursuing and consummating any sale or sales of Mercy Health System's and/or Mercy's assets they deem necessary or appropriate; and (iii) developing, negotiating, confirming and performing under, a bankruptcy plan of reorganization or liquidation, and to negotiate, execute and deliver on behalf of Mercy Health System and/or Mercy any and all agreements, instruments and related documents that, in the judgment and discretion of the Authorized Officers, are necessary, appropriate, advisable or desirable

for consummating such financing or use of cash collateral, for pursuing and consummating such sale or sales of Mercy Health System's and/or Mercy's assets or for such development, negotiation and confirmation of, and performance under, such a bankruptcy plan of reorganization or liquidation, including without limitation executing credit agreements, asset purchase agreements, plans and related documents and granting any guarantees, pledges, mortgages and other security interests;

**FURTHER, REVOLVED:** That the Authorized Officers be, and hereby are authorized, empowered and directed to execute and file all necessary documents, including, without limitation, to execute and file all petitions, schedules, motions, lists, applications, pleadings and other papers and, in that connection, to employ and retain all assistance by legal counsel, accountants, financial advisors, and other professionals and advisors that the Authorized Officers deem necessary, proper or desirable, and to take and perform any and all further acts and deeds deemed necessary, proper or desirable in connection with the successful prosecution of the Chapter 11 Cases; and

**FURTHER, RESOLVED:** That any and all past actions heretofore taken by any member of Mercy Health System's, and Mercy's, Boards of Directors or the Authorized Officers in the name and on behalf of Mercy Health System or Mercy, in furtherance of any or all of the proceeding resolutions be, and the same hereby are, ratified , confirmed and approved.

_____
David Southwell
Chair

_____
Linda S. Ross, Esq.
Secretary

Dated: February 5, 2021

## MERCY HEALTH SYTEM OF CHICAGO
## and
## MERCY HOSPITAL AND MEDICAL CENTER
## JOINT RESOLUTION OF THE BOARDS OF DIRECTORS

**WHEREAS:** The Boards of Directors (the "Boards") of Mercy Hospital and Medical Center, an Illinois not-for-profit corporation ("Mercy Hospital") and Mercy Health System of Chicago, an Illinois not-for-profit corporation and sole member of Mercy Hospital ("Mercy Health System," and together with Mercy Hospital, "Mercy") have been advised of the deteriorating financial condition of Mercy and other circumstances by the senior management of Trinity Health Corporation, an Indiana non-profit corporation ("Trinity Health") and sole member of Mercy Health System, Mercy and their professionals and advisors;

**WHEREAS:** The Boards have been advised by the senior management of Trinity Health, Mercy and their professionals and advisors that Trinity Health began consideration of filing of voluntary petitions (the "Voluntary Petitions") for Chapter 11 of Title 11 of the United States Code, 11 U.S.C. § 101 et seq. (the "Bankruptcy Code") for Mercy Hospital and Mercy Health System;

**WHEREAS:** The Boards have been advised by the senior management of Trinity Health, Mercy and their professionals and advisors that Trinity Health has authorized the filing of Voluntary Petitions for relief under the Bankruptcy Code by Mercy Hospital and Mercy Health System;

**WHEREAS:** The Boards have been advised by the senior management of Trinity Health, Mercy and their professionals and advisors that Trinity Health has authorized Mercy to begin the process of preparing the Voluntary Petitions, and all supporting materials, for Mercy Hospital and Mercy Health System, and that said process has begun; and

**WHEREAS:** The Boards have been advised by the senior management of Trinity Health, Mercy and their professionals and advisors as to the relative risks and benefits of a Chapter 11 bankruptcy proceeding.

**RESOLVED:** Based upon the reasonable and justifiable reliance on the senior management of Trinity Health, Mercy and their professionals and advisors as permitted under the Bylaws of Mercy Hospital and Mercy Health System, these Boards support and endorse the filing of Voluntary Petitions under Chapter 11 of the Bankruptcy Code for each of Mercy Hospital and Mercy Health System.

[SIGNATURES ON NEXT PAGE]

4851-0630-8571.2

Adopted at a joint meeting of the Mercy Health System of Chicago and Mercy Hospital and Medical Center Boards of Directors at which a quorum was present.

Dated this 9th day of February, 2021.

*Susan J. Gallagher*
Susan Gallagher, Chair
Mercy Health System of Chicago and
Mercy Hospital and Medical Center

*Jeffrey R. Mathis*
Jeffrey R. Mathis, Secretary
Mercy Health System of Chicago and
Mercy Hospital and Medical Center

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| MERCY HEALTH SYSTEM OF CHICAGO, | ) | Case No. _____ |
| | ) | |
| Debtor-in-Possession. | ) | Honorable _____ |
| | ) | |

# LIST OF EQUITY SECURITY HOLDERS[1]

Mercy Health System of Chicago is an Illinois not-for-profit corporation. The sole member of Mercy Health System of Chicago is Trinity Health Corporation, an Indiana nonprofit corporation. As a consequence, there are no shareholders or equity holders in the for-profit corporate sense.

---

[1] This list serves as the disclosure required to be made by the debtor pursuant to rule 1007 of the Federal Rules of Bankruptcy Procedure. All equity positions listed are as of the date of commencement of the chapter 11 case.

4822-8531-6315.1

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| MERCY HEALTH SYSTEM OF CHICAGO, | ) | Case No. _____ |
| | ) | |
| Debtor-in-Possession. | ) | Honorable _____ |
| | ) | |

## **CORPORATE OWNERSHIP STATEMENT**

Pursuant to rules 1007(a)(1) and 7007.1 of the Federal Rules of Bankruptcy Procedure, the following are corporations, other than a government unit, that directly or indirectly own 10% or more of any class of the debtor's equity interest:

Mercy Health System of Chicago is an Illinois not-for-profit corporation. The sole member of Mercy Health System of Chicago is Trinity Health Corporation, an Indiana nonprofit corporation. As a consequence, there are no shareholders or equity holders in the for-profit corporate sense.

4839-4573-6411.1

| Fill in this information to Identify the case: | |
|---|---|
| Debtor Name:   Mercy Hospital and Medical Center | |
| United States Bankruptcy Court for the:   District of Northern District of Illinois | ☐ Check if this is an amended filing |
| Case Number (If known): | |

# Official Form 204

### Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 30 Largest Unsecured Claims and Are Not Insiders    12/15

A list of creditors holding the 30 largest unsecured claims must be filed in a Chapter 11 or Chapter 9 case. Include claims which the debtor disputes. Do not include claims by any person or entity who is an insider, as defined in 11 U.S.C. § 101(31). Also, do not include claims by secured creditors, unless the unsecured claim resulting from inadequate collateral value places the creditor among the holders of the 30 largest unsecured claims.

| | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim  If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 1 | BIOFIRE DIAGNOSTICS, LLC  515 S COLOROW DR  SALT LAKE CITY, UT  84108-1248 | CONTACT: KRISTI HOGAN, CONTROLLER  PHONE: 801-736-6354  FAX: 801-588-0507  KRISTI.HOGAN@BIOFIREDX.COM; INFO@BIOFIREDX.COM | TRADE VENDOR | | | | $129,844.80 |
| 2 | GENERAL MECHANICAL SERVICES  780 AEC DRIVE  WOOD DALE, IL  60191 | CONTACT: IAN PHILPOT, MEDIA CONTACT  PHONE: 847-695-1177  FAX: 630595-8121  IPHILPOT@REEDYINDUSTRIES.COM | TRADE VENDOR | | | | $108,600.72 |
| 3 | UNITED SECURITY SERVICES INC  1550 SOUTH INDIANA AVENUE  CHICAGO, IL  60605 | CONTACT: RICHARD SIMON, PRESIDENT & CEO  PHONE: 312-922-8558  RSIMON@UNITEDHQ.COM; INFO@UNITEDHQ.COM | TRADE VENDOR | | | | $65,371.25 |
| 4 | OLYMPUS FINANCIAL SERVICES  3500 CORPORATE PARKWAY  PO BOX 610  CENTER VALLEY, PA  18034-0610 | CONTACT: YASUO TAKEUCHI, PRESIDENT  PHONE: 484-896-5543  COMPLIANCE@OLYMPUS.COM | TRADE VENDOR | | | | $45,541.50 |
| 5 | ANGELICA - CHICAGO  1901 S. MEYERS RD  OAKBROOK TERRACE, IL  60181 | CONTACT: ROBERT SAAL, CEO  PHONE: 312-666-8495  FAX: 678-823-4165  CUSTOMERCARE@ANGELICA.COM;  MARKETING@ANGELICA.COM | TRADE VENDOR | | | | $41,650.42 |

Debtor: Mercy Hospital and Medical Center    Case Number (if known):

| | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim  If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 6 | ANN & ROBERT H. LURIE CHILDRENS HOSPITAL OF CHICAGO PEDIATRIC FACULTY FOUNDATION 225 E. CHICAGO AVE CHICAGO, IL  60611-2605 | CONTACT: TOM SHANLEY, CEO PHONE: 312-227-7413 CPELLDOY@LURIECHILDRENS.ORG | TRADE VENDOR | | | | $39,996.00 |
| 7 | AMERICAN RED CROSS OFFICE OF THE GENERAL COUNSEL 431 18TH ST, NW WASHINGTON, DC  20006 | CONTACT: LAURA DISCIULLO PHONE: 202-303-5585 LORI.POLACHECK@REDCROSS.ORG | TRADE VENDOR | | | | $35,646.99 |
| 8 | IPC HEALTHCARE INC. 265 BROOKVIEW CENTRE WAY STE 400 KNOXVILLE, TN  37919 | CONTACT: ATTN: PRESIDENT PHONE: 800-342-2898 PATIENTACCOUNTSDEPT@IPCM.COM; MEDIA@TEAMHEALTH.COM; BUSINESS_DEVELOPMENT@TEAMHEALTH.COM | TRADE VENDOR | | | | $33,333.32 |
| 9 | C J ERICKSON PLUMBING CO 4141 W 124TH PLACE ALSIP, IL  60803-1878 | CONTACT: MATT ERICKSON, CEO PHONE: 708-371-371 FAX: 708-371-3885 ONLINE@CJERICKSON.COM | TRADE VENDOR | | | | $29,881.25 |
| 10 | BOSTON SCIENTIFIC CORP 300 BOSTON SCIENTIFIC WAY MARLBOROUGH, MA  01752 | CONTACT: MICHAEL MAHONEY, CEO PHONE: 800-876-9960 STEVENDSASSLLC@GMAIL.COM; ROBERT.PERKINS@BSCI.COM | TRADE VENDOR | | | | $29,339.87 |
| 11 | UNITED AUDIT SYSTEMS INC 1924 DANA AVENUE CINCINNATI, OH  45207 | CONTACT: TY HARE, PRESIDENT & CEO PHONE: 800-526-0594 GENERALINFO@UASISOLUTIONS.COM | TRADE VENDOR | | | | $26,643.75 |
| 12 | EDWARDS ENGINEERING INC 1000 TOUCHY AVENUE ELK GROVE VILLAGE, IL  60007-4922 | CONTACT: ATTN: DYAN CAMODECA, CFO FAX: 908-231-9696 | TRADE VENDOR | | | | $22,936.00 |
| 13 | MED ONE CAPITAL FUNDING LLC 10712 SOUTH 1300 EAST SANDY, UT  84094 | CONTACT: LARRY R STEVENS, PRESIDENT/CEO PHONE: 800-248-5882 FAX: 800-468-5528 INFO@MEDONEGROUP.COM | TRADE VENDOR | | | | $22,227.47 |
| 14 | STACY L. ALEXANDER 13 PARK STREET WHITEFIELD, NH  03598 | PHONE: 603-315-3390 | TRADE VENDOR | | | | $20,079.90 |
| 15 | C R BARD INC 730 CENTRAL AVE MURRAY HILL, NJ  07974 | CONTACT: TIM RING, CEO PHONE: 9082778000 MEDICAL.SERVICES@CRBARD.COM | TRADE VENDOR | | | | $17,903.53 |
| 16 | LUBAWAY, MASTEN & CO, LTD. 376 BEACH FARM CIRCLE 770 HIGHLAND, MI  48357 | CONTACT: DEBORAH A SIERADZKI, PARTNER PHONE: 248-347-1416 | TRADE VENDOR | | | | $17,366.25 |

Debtor: Mercy Hospital and Medical Center                                    Case Number (if known):

| | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim — If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 17 | BECKMAN COULTER INC<br>250 S KRAEMER BLVD, B1 NE 02<br>BREA, CA 92821 | CONTACT: DIANNA OLIVARES, AR LEGAL DESK<br>PHONE: 312-583-1020<br>FAX: 800232-3828<br>DOLIVARES@BECKMAN.COM | TRADE VENDOR | | | | $17,071.67 |
| 18 | CARDINAL HEALTH MEDICAL PROD<br>7000 CARDINAL PLACE<br>DUBLIN, OH 43017 | CONTACT: ERIN GAPINSKI, SENIOR COUNSEL<br>PHONE: 877-254-2738<br>ERIN.GAPINSKI@CARDINALHEALTH.COM | TRADE VENDOR | | | | $15,631.64 |
| 19 | STRYKER FINANCE<br>25652 NETWORK PLACE<br>CHICAGO, IL 60673-1256 | CONTACT: ROBERT S FLETCHER, VP/CLO<br>PHONE: 888-872-5855<br>FAX: 269-385-1062 | TRADE VENDOR | | | | $15,491.03 |
| 20 | CLARENCE DAVIDS & COMPANY<br>22901 SOUTH RIDGELAND AVENUE<br>MATTESON, IL 60443 | CONTACT: ANDREW TOURLAS<br>FAX: 708-720-4200<br>ANDY@CLARENCEDAVIDS.COM | TRADE VENDOR | | | | $13,492.00 |
| 21 | ILLINOIS DEPT OF PUBLIC<br>525-535 WEST JEFFERSON STREET<br>SPRINGFIELD, IL 62761 | CONTACT: NGOZI EZIKE, DIRECTOR<br>FAX: 217782-3987<br>DPH.MAILUS@ILLINOIS.GOV | TRADE VENDOR | | | | $13,056.00 |
| 22 | BONCURA HEALTH SOLUTIONS<br>1100 W 31ST STREET<br>SUITE 300<br>DOWNERS GROVE, IL 60515 | CONTACT: MARIA MCGOWN, EXECUTIVE DIRECTOR<br>PHONE: 630-545-7640<br>MARIA.MCGOWAN@BONCURA.COM | TRADE VENDOR | | | | $12,500.00 |
| 23 | JOHNSON CONTROLS<br>5757 N. GREEN BAY AVE.<br>P.O. BOX 591<br>MILWAUKEE, WI 53201 | CONTACT: MAURICIO MUSTRE<br>PHONE: 866-496-1999<br>FAX: 414524-3200<br>BSNA-LEGAL-SUPPORT@JCI.COM | TRADE VENDOR | | | | $11,714.25 |
| 24 | GRAINGER INC<br>100 GRAINGER PKWY<br>LAKE FOREST, IL 60045 | PHONE: 847-535-1000<br>MARCIA.HECK@GRAINGER.COM | TRADE VENDOR | | | | $11,620.99 |
| 25 | HALLMARK HEALTHCARE SOLUTIONS<br>200 MOTOR PARKWAY<br>SUITE D-26<br>HAUPPAUGE, NY 11788 | CONTACT: ISAAC ULLATIL, PRESIDENT/CEO<br>PHONE: 856-231-5340<br>INFO@HALLMARKHEALTHCAREIT.COM | TRADE VENDOR | | | | $10,861.40 |
| 26 | ABBOTT LABORATORIES<br>100 ABBOTT PARK ROAD<br>ABBOTT PARK, IL 60064 | CONTACT: ROBERT B FORD, PRESIDENT/CEO<br>PHONE: 224-667-6100<br>EVONHELMS@KMKSC.COM | TRADE VENDOR | | | | $10,048.49 |
| 27 | S.B. FRIEDMAN & COMPANY<br>221 N. LA SALLE ST.<br>STE 820<br>CHICAGO, IL 60601 | CONTACT: STEPHEN B FRIEDMAN, PRESIDENT<br>PHONE: 312-424-4250<br>SBF@SBFRIEDMAN.COM;<br>INFO@SBFRIEDMAN.COM;<br>RBOSE@SBFRIEDMAN.COM | TRADE VENDOR | | | | $9,956.25 |

Debtor: Mercy Hospital and Medical Center         Case Number (if known):

| | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount. If Claims is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 28 | COOK MEDICAL INC. 22988 NETWORK PLACE CHICAGO, IL 60673-1229 | CONTACT: STEVE FERGUSON, CHAIRMAN PHONE: 800-457-4500 FAX: 800-554-8335 CUSTOMERSUPPORT@COOKMEDICAL.COM | TRADE VENDOR | | | | $9,610.38 |
| 29 | COMP HEALTH 2900 CHARLEVOIX DR GRAND RAPIDS, MI 49546-7085 | CONTACT: BRITANYEISELER PHONE: 800-328-3021 | TRADE VENDOR | | | | $9,447.75 |
| 30 | BIOMERIEUX INC 100 RODOLPHE STREET DURHAM, NC 63150-0308 | CONTACT: STEVE YOVA, ASST GEN COUNSEL PHONE: 919-620-2209 FAX: 800-432-9682 STEVE.YOVA@BIOMERIEUX.COM | TRADE VENDOR | | | | $8,424.75 |

| Fill in this information to identify the case: | |
|---|---|
| Debtor name | **Mercy Health System of Chicago** |
| United States Bankruptcy Court for the: | NORTHERN DISTRICT OF ILLINOIS |
| Case number (if known) | |

☐ Check if this is an amended filing

Official Form 202
# Declaration Under Penalty of Perjury for Non-Individual Debtors  12/15

**An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents. This form must state the individual's position or relationship to the debtor, the identity of the document, and the date. Bankruptcy Rules 1008 and 9011.**

**WARNING -- Bankruptcy fraud is a serious crime. Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.**

**Declaration and signature**

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership; or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct:

☐ *Schedule A/B: Assets–Real and Personal Property* (Official Form 206A/B)
☐ *Schedule D: Creditors Who Have Claims Secured by Property* (Official Form 206D)
☐ *Schedule E/F: Creditors Who Have Unsecured Claims* (Official Form 206E/F)
☐ *Schedule G: Executory Contracts and Unexpired Leases* (Official Form 206G)
☐ *Schedule H: Codebtors* (Official Form 206H)
☐ *Summary of Assets and Liabilities for Non-Individuals* (Official Form 206Sum)
☐ Amended *Schedule*
☑ *Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 30 Largest Unsecured Claims and Are Not Insiders* (Official Form 204)
☐ Other document that requires a declaration

I declare under penalty of perjury that the foregoing is true and correct.

Executed on  2/10/2021    X **/s/ Carol L. Garikes Schneider**
                              Signature of individual signing on behalf of debtor

                              **Carol L. Garikes Schneider**
                              Printed name

                              **President and Chief Executive Officer**
                              Position or relationship to debtor